**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Will Graven, a single man,<br><br>Plaintiff,<br><br>vs.<br><br>Mike Martin; Dan Wallner; and Bill Emery,<br><br>Defendants. | No. CV-11-00642-PHX-NVW<br><br>**ORDER** |

Before the Court are "Defendant Mike Martin's Motion to Dismiss" (Doc. 9), "Defendant Dan Wallner's Motion to Dismiss" (Doc. 10), and "Notice of Motion and Motion of Bill Emery to Dismiss the Complaint Pursuant to FRCP 12(b)(1) and 12(b)(6)" (Doc. 23). Because subject matter jurisdiction does not exist over Plaintiff's complaint, the Court will grant these motions.

**I.    FACTS**

In 1992, the federal government decommissioned George Air Force Base, in Victorville, California. 58 Fed. Reg. 58543 (1993). The runways and related facilities became the Southern California Logistics Airport, which is used for commercial air cargo, 64 Fed. Reg. 72642 (1999), and reputedly for transporting military units. According to Plaintiff Will Graven, the Airport leases the land from the Air Force, the Air Force "yet maintains a presence on, control over, and provides funds to the Base/Airport," and the FAA "also provides funds to the Airport." (Doc. 1 ¶¶ 2–4.)

Plaintiff Graven is an Arizona resident and the primary shareholder of two companies that did business at the Airport. Somehow, one of Graven's companies (the

complaint does not specify which one) came into a possession of a pile of rubble at the Airport — apparently the remains of certain demolished buildings.  If crushed into smaller pieces, this rubble "had significant value as high quality aggregate base material [later determined to have a value of $85,000]." (*Id*. ¶ 52 (bracketed clause in original).) Graven alleges that, between May and September 2006, Defendant Martin (a Arizona resident), Defendant Wallner (a California resident), and Defendant Emery (a California resident) swindled Graven's company out of this rubble through a certain scheme, the details of which are not relevant to this motion to dismiss.[1]

Graven's companies have assigned their causes of action to him personally, and he now sues those allegedly responsible for the following causes of action: (1) "Receipt of Stolen Property"; (2) "Conspiracy to Commit Conversion"; (3) "Conversion"; (4) "Aiding and Abetting a Conspiracy"; (5) "Intentional Interference With an Existing Contract"; (6) "Various Forms of Fraud"; (7) "Forgery"; (8) "Breach of the Covenant of Good Faith and Fair Dealing"; (9) "Bad Faith"; and (10) "Unjust Enrichment." Defendants have moved to dismiss.  All Defendants claim lack of subject matter jurisdiction.  Wallner and Emery also claim other defenses, such as lack of personal jurisdiction (alleging lack of minimum contacts with Arizona) and *res judicata* (based on now-dismissed bankruptcy proceedings relating Graven and/or his companies).

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction.  Generally speaking (and as relevant to this case), federal courts may only hear "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or "civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . between . . . citizens of different States," *id*. § 1332(a)(1).

---

[1] Declarations and proofs of service establish Defendants' respective residencies. (*See* Docs. 23–26.)

### III. ANALYSIS

Graven's causes of action do not arise under federal law, nor do they raise a substantial federal question. The only possible connection to federal law is the fact that the rubble was piled up on what used to be an Air Force base. Allegedly, the Air Force still owns the land, but it leases it to a California municipal entity. This does not "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). Accordingly, federal question jurisdiction does not exist. *See* 28 U.S.C. § 1331.

Nor does diversity jurisdiction exist. Graven and Defendant Martin are both citizens of Arizona. Accordingly, this Court cannot exercise jurisdiction based on the diversity of the parties' citizenship. *See* 28 U.S.C. § 1332(a).

In sum, Graven's complaint, as currently pleaded, can only be brought in a state court. Graven cannot sue on these causes of action in federal court. His complaint will therefore be dismissed. Given the foregoing, the Court will not reach the Defendants' other arguments for dismissal.

IT IS THEREFORE ORDERED that "Defendant Mike Martin's Motion to Dismiss" (Doc. 9), "Defendant Dan Wallner's Motion to Dismiss" (Doc. 10), and "Notice of Motion and Motion of Bill Emery to Dismiss the Complaint Pursuant to FRCP 12(b)(1) and 12(b)(6)" (Doc. 23) are GRANTED. Plaintiff's complaint is DISMISSED without prejudice to refiling in a court of proper jurisdiction.

IT IS FURTHER ORDERED that the Clerk shall terminate this action.

Dated this 30th day of June, 2011.

_____
Neil V. Wake
United States District Judge